UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LETTUCE ENTERTAIN YOU ENTERPRISES, INC.,**

      **Plaintiff,**

v.     Case No:   6:12-cv-1556-Orl-22KRS

**TALK OF THE TOWN RESTAURANTS, INC. and RON WOODSBY,**

      **Defendants.**

**FINAL ORDER AND PERMANENT INJUNCTION**

This cause comes before the Court on Plaintiff Lettuce Entertain You Enterprises, Inc.'s ("Plaintiff") Motion for Entry of Permanent Injunction (Doc. No. 107), in response to which Defendants Talk of the Town Restaurants, Inc. and Ron Woodsby ("Defendants") filed a Memorandum in Opposition (Doc. No. 112). With leave of Court, Plaintiff filed a Reply (Doc. No. 115). The Court will grant the Motion and issue the attached injunction for the reasons provided herein.

**I. BACKGROUND**

This trademark infringement case was tried before a jury from March 31, 2014 to April 2, 2014. The jury found that Defendants were liable for trademark infringement because their use of the term "Wildfire" in the restaurant name "Charley's Wildfire Grille" caused a likelihood of confusion with Plaintiff's trademark "Wildfire." (Jury Verdict (Doc. No. 106).) Additionally, the jury found that Defendants were liable for false designation of origin due to their adopting a name that is likely to cause confusion or mistake; or to deceive as to the affiliation, connection, or

association of Defendants' goods or services with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff. (*Id.*) The jury found for Defendants on the remaining counts, and declined to award any monetary damages. Plaintiff now seeks a permanent injunction to limit Defendants' use of the term "Wildfire" in connection with restaurant services.

## II. LEGAL STANDARD AND ANALYSIS

The Lanham Act permits district courts to grant permanent injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent ongoing trademark infringement. 15 U.S.C. § 1116(a). To establish these traditional "principles of equity," a plaintiff seeking a permanent injunction must demonstrate that:

> (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

*Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006)). More than one panel of the Eleventh Circuit has observed that "in 'ordinary trademark infringement actions . . . complete injunctions against the infringing party are the order of the day.' . . . [because] the public deserves not to be led astray by the use of inevitably confusing marks." *Id.* at 1209 (quoting *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1336 (11th Cir. 1996)). Grounds for the first element, irreparable injury, include "loss of control of reputation, loss of

trade, and loss of goodwill." *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190-91 (11th Cir. 2005) (per curiam) (citations and quotation marks omitted).[1]

The Court finds that a permanent injunction is appropriate in light of the evidence adduced at trial and the jury's verdict. The jury found that Defendants' use of the word "Wildfire" in the name "Charley's Wildfire Grille" caused a likelihood of confusion with Plaintiff's "Wildfire" trademark. Plaintiff introduced evidence demonstrating that it would be difficult to control its reputation if online reviewers confused Plaintiff's restaurants with those of Defendants. Remedies at law are insufficient because the jury declined to award damages, and Defendants' ongoing threat to re-open Charley's Wildfire Grille at another location would be difficult, if not impossible, to mitigate without an injunction. The balance of hardships favors Plaintiff in large part because Defendants are not currently operating a "Wildfire"-branded restaurant—the costs of changing the name of a restaurant that has yet to open should be minimal. Finally, "the 'public interest' relevant to the issuance of a permanent injunction is the public's interest in avoiding unnecessary confusion." *Angel Flight*, 522 F.3d at 1209 (citations omitted). With the jury's verdict in mind, the Court finds that this element has been satisfied.

Defendants also argue that Plaintiff's proposed permanent injunction is too broad, and suggest instead that "use of the word 'Wildfire' in a different font with the 'Charley's' logo constitutes appropriate relief." (Mem. Opp'n (Doc. No. 112) at 7.) This proposal is inconsistent with the jury's verdict and applicable law. The jury clearly found that Defendants' use of the word "Wildfire" in the name "Charley's Wildfire Grille" caused a likelihood of confusion. The jury may have considered the size or font of the word "Wildfire" in the name of Defendants' restaurant, but

---

[1] Unpublished Eleventh Circuit decisions are persuasive, but not binding.

the verdict form (to which Defendants did not object) does not condition the jury's finding on such distinguishing characteristics. Thus, Defendants' proposal is insufficient. At the same time, the jury only considered the use of "Wildfire" in the name of Defendants' restaurant, so the injunction will be limited accordingly.

### III. PERMANENT INJUNCTION

IT IS HEREBY ORDERED THAT:

A.   Talk of the Town Restaurants, Inc. and Mr. Ron Woodsby, and all of their officers, agents, servants, employees, and all others acting in active participation and concert therewith, are permanently enjoined and restrained from using the term "Wildfire" as, or as part of, a trademark, service mark, trade name, domain name, or other designation of origin for the name of a restaurant or other entity selling, offering for sale, distributing, advertising, marketing, or promoting restaurant or related services.

B.   Talk of the Town Restaurants, Inc. and Mr. Ron Woodsby shall promptly and permanently cease use of and destroy all marketing, promotional, or other materials bearing the designation "Wildfire" as, or as part of, a trademark, service mark, trade name, domain name, or other designation of origin for the name of a restaurant or other entity selling, offering for sale, distributing, advertising, marketing, or promoting restaurant or related services. Such materials include, but are not limited to, signage, menus, flyers, electronic and direct mail promotions, and business cards. Talk of the Town Restaurants, Inc. and Mr. Ron Woodsby shall remove all "Wildfire" designations from signage, websites, social media accounts, and other electronic media content created by, provided by, or under their control and relating to the name of a restaurant or other entity providing restaurant services.

C. Within thirty (30) days of the entry of this Order, Talk of the Town Restaurants, Inc. and Mr. Ron Woodsby shall serve upon Lettuce Entertain You Enterprises, Inc. a written report, under oath, setting forth in detail the manner and form in which they have complied with this Order.

D. This Injunction pertains only to the parties mentioned herein, and does not prohibit Talk of the Town Restaurants, Inc. from fleeting use of the word "Wildfire" as the name of a menu item, e.g., "Wildfire Ridge wine" or "Wildfire shrimp."

E. Each party shall bear its own fees and costs arising from this litigation.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Lettuce Entertain You Enterprises, Inc.'s Motion for Entry of Permanent Injunction (Doc. No. 107), filed April 14, 2014, is **GRANTED**.

2. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 5, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties